Stephen C. Woodruff
Attorney and Counselor at Law
2nd Flr., Hill Law Ofc. Bldg., Susupe
Tokcha Avenue at Lulai Way
P. O. Box 500770
Saipan, MP 96950
Tel.: (670) 235-3872
Fax: (670) 235-3873

Attorney for Plaintiff

F I L E D
Clerk
District Court

JUN - 5 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| PARMILA PARIYAR, ) | Civil Action No. 08 - 0026 |
| Plaintiff, ) | |
| -v- ) | COMPLAINT |
| HONG KONG ENTERTAINMENT ) (OVERSEAS) INVESTMENT LTD. ) dba TINIAN DYNASTY HOTEL & ) CASINO, ) | |
| Defendant. ) | |

I
NATURE OF THE ACTION

1. This is an action against Defendant under Title VII of Civil Rights Act of 1964, 42 U.S.C. §§ 2000e., *et seq.*, as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. §§ 2000e(k) for its unlawful and discriminatory employment practices towards Plaintiff in violation of Plaintiff's federally-protected rights.

2. Plaintiff complains about employment discrimination based on sex and other impermissible grounds described in this Complaint, including, but not limited to: (a) discriminatory policies, practices, and/or procedures in discharging and hiring

workers based on sex, pregnancy, childbirth or related medical conditions that deprived Plaintiff of equal employment opportunities; and (b) discriminatory policies, practices, and/or procedures on the basis of pregnancy, childbirth or related medical conditions with respect to medical coverage benefits which otherwise were made available to other male workers. Plaintiff is seeking punitive damages, lost earnings, consequential damages, costs, and attorney's fees to redress Defendant's unlawful and discriminatory employment policies, practices, and/or procedures.

3. Plaintiff further complains of Defendant's violation of Plaintiff's Commonwealth law rights, including unlawful termination contrary to public policy.

## II
## JURISDICTION AND VENUE

4. Title VII of Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, as amended, ("Title VII") applies to this matter through the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America, Article V, § 502(a)(2).

5. This Court has jurisdiction over Plaintiff's Title VII claims pursuant to 42 U.S.C. § 2000e-5(e)(3), 28 U.S.C. § 1331(a) (federal question jurisdiction), and 28 U.S.C. § 1337(a) (proceedings arising under any Act of Congress regulating commerce).

6. This Court has jurisdiction over Plaintiff's non-Title VII claims pursuant to 28 U.S.C. § 1367(a) (supplemental jurisdiction).

7. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-(f)(1) and (3).

8. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5.(f)(3) because the unlawful and discriminatory employment

practices and other wrongful acts alleged herein were committed in Tinian, Commonwealth of the Northern Mariana Islands.

## III
## PROCEDURAL REQUIREMENTS

9. On or about July 24, 2006, Plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") in Saipan, Commonwealth of the Northern Mariana Islands. The charges were filed within one hundred eighty (180) days after the occurrence of one or more of the unlawful employment practices alleged herein pursuant to 42 U.S.C. § 2000e.5(e)(1).

10. The EEOC, in its Determination dated September 26, 2007, determined that "Respondent has discharged a class of employees, including Charging Party, because of their sex, female and pregnancy" and concluded "that the evidence is sufficient to establish a violation of Title VII of the Civil Rights Act of 1964, as amended." Attached hereto as **Exhibit "1"** and incorporated by reference is a copy of the Determination dated September 26, 2007.

11. On February 28, 2008, and because of its failure to secure an acceptable conciliation, the EEOC issued a Notice of Right to Sue (Conciliation Failure). Plaintiff is filing this complaint within ninety (90) days from the date of her receipt of the Notice of Right to Sue in compliance with 42 U.S.C. § 2000e- 5(f)(1). Attached hereto as **Exhibit "2"** and incorporated by reference is a copy of the Notice of Right to Sue dated February 28, 2008.

12. Consequently, all jurisdictional prerequisites to the institution of this lawsuit have been fulfilled, and Plaintiff has exhausted her administrative remedies as required by law.

## IV
## PARTIES

13. Plaintiff **PARMILA PARIYAR** is, and at all relevant times, was a citizen of Nepal residing in Tinian, Commonwealth of the Northern Mariana Islands (CNMI) and was an employee of Defendant, within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e.(f).

12. Defendant **HONG KONG ENTERTAINMENT (OVERSEAS) INVESTMENT LTD.** *dba* **TINIAN DYNASTY HOTEL & CASINO**, on information and belief, is, and all relevant times, was a corporation organized and existing under the laws of the CNMI having its principal place of business on Tinian, CNMI.

13. Defendant is, and at all relevant times, was engaged in an industry affecting commerce as defined under 42 U.S.C. § 2000e(g)(h) with more than 15 employees, and was an employer of Plaintiff within the meaning of 42 U.S.C. § 2000e(b).

## V
## STATEMENT OF FACTS

14. Plaintiff is a female foreign national worker (aka "nonresident worker") from Nepal.

15. Plaintiff was first hired as a casino dealer sometime in February 2002, and remained so employed pursuant to written employment contracts approved by the CNMI Department of Labor (DOL) until her employment was terminated on August 7, 2006 due to non-renewal.

16. At all relevant times, Defendant also employed other male workers under renewable employment contracts.

17. During her employment with Defendant, Plaintiff performed her duties competently and in an exemplary manner and earned excellent reputations with regard to her high quality of work and her conscientious devotion to her job.

18. On June 29, 2005, Plaintiff gave birth to a baby girl at the Commonwealth Health Center and incurred medical expenses in the process.

19. On August 7, 2005, Plaintiff's employment contract was renewed by the Defendant.

20. On April 15, 2006, Plaintiff was promoted from casino dealer to casino inspector.

21. Plaintiff is informed and believes, and thereon alleges, that sometime after Plaintiff's renewal and promotion, Defendant received the hospital billings from CHC for the medical expenses previously incurred by Plaintiff in connection with her child birth.

22. On or about June 21, 2006, Plaintiff was called at the office by Defendant's casino general manager, Mr. Ken Barbary, who told Plaintiff that management will not renew Plaintiff's employment contract that was then due to expire on August 7, 2006.

23. When Plaintiff asked Mr. Barbary why her contract was not being renewed, the latter told her that it was because of the expensive medical expenses she incurred in connection with her childbirth and which Defendant was being asked to pay.

24. On June 30, 2006, Plaintiff went to the office of Mr. Alfred Yu, Defendant's Executive Director. Plaintiff asked Mr. Yu why her contract was not being renewed.

25. Mr. Yu then contacted the human resources department. After talking to a human resources personnel, Mr. Yu told Plaintiff that Plaintiff incurred $4,000.00 hospital billings because of her childbirth which the company is being made to pay and that is the reason why management does not want to renew her contract.

26. Plaintiff then complained to Mr. Yu why her contract was not being renewed when she had been performing her tasks in an exemplary manner and had in fact been just recently promoted from casino dealer to casino inspector.

27. Mr. Yu insisted that the company will not renew Plaintiff's employment contract.

28. Plaintiff is informed and believes, and thereon alleges, that other male workers who became sick and incurred medical expenses in the process were not terminated by the company on the basis alone of incurring medical expenses which the company was required to pay pursuant to the employment contract and the applicable CNMI laws.

29. Plaintiff is informed and believes, and thereon alleges, that other female workers who also incurred child-birth or pregnancy related medical expenses were similarly not renewed.

30. Plaintiff further believes that she was terminated in violation of public policy due to her medical expenses which CNMI law requires be borne by the employer.

31. Plaintiff is further informed and believes, and thereupon alleges, that other male workers would be renewed notwithstanding medical expenses they incurred that the company was made to pay.

32. Plaintiff believes that she was terminated because of sex (pregnancy).

# VI
# CAUSES OF ACTION

### First Cause of Action
Violation of Title VII

33. Paragraphs 1 through 32 above are incorporated herein by reference as if fully pleaded in this First Cause of Action.

34. Defendant's discharging Plaintiff because of sex constitutes an unlawful employment practice in violation of 42 U.S.C. § 2000e-2(a)(1)(2).

35. Defendant's unlawful and discriminatory practices because of sex as alleged above deprived Plaintiff of equal employment opportunities or otherwise adversely affected her status as an employee.

36. As a direct and proximate result of Defendant's decision to terminate Plaintiff's employment, Plaintiff has suffered and will continue to suffer a substantial loss of earnings to which she otherwise would have earned.

37. Defendant engaged in the above-described conduct against Plaintiff with malice and in reckless disregard of Plaintiff's federally-protected rights thereby entitling Plaintiff to punitive damages in an amount to be determined at trial.

### Second Cause of Action
Differential Treatment on Medical Benefits

38. Paragraphs 1 through 32 above are incorporated herein by reference as if fully pleaded in this Second Cause of Action.

39. Defendant's refusal to renew Plaintiff on the basis alone of her incurring childbirth-related medical expenses that Defendant was made to pay, while routinely not using the same reason as a basis for not renewing male workers constitutes an unlawful employment practice in violation of 42 U.S.C. § 2000e-2(a)(2).

40. Defendant's unlawful and discriminatory practices as alleged above deprived Plaintiff of equal employment opportunities or otherwise adversely affected her status as an employee because of Plaintiff's sex.

41. Defendant engaged in the above-described conduct against Plaintiff with malice and in reckless disregard of Plaintiff's federally-protected rights thereby entitling Plaintiff to punitive damages in an amount to be determined at trial.

### Third Cause of Action
Unlawful Termination Contrary to Public Policy

42. Paragraphs 1 through 32 above are incorporated herein by reference as if fully pleaded in this Third Cause of Action.

43. At all times during Plaintiff's employment with Defendant, the laws of the Commonwealth of the Northern Mariana Islands required that employers be "responsible and liable for the insurance or payment of all medical expenses" of foreign national workers such as Plaintiff. 3 CMC § 4437(c).

44. By terminating Plaintiff's employment on account of her medical expenses, Defendant breached Plaintiff's reasonable expectation of continued employment and violated Commonwealth public policy that employers of foreign national workers be responsible for those workers' medical expenses without charge back to the employee or other adverse effect on the employment relationship.

45. As a direct and proximate result of Defendant's decision to terminate Plaintiff's employment in violation of public policy, Plaintiff has suffered and will continue to suffer a substantial loss of earnings to which she otherwise would have earned.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests for the following relief:

(1) An award of punitive damages and lost earnings according to law and proof under the First Cause of Action;

(2) An award of punitive damages and lost earnings according to law and proof under the Second Cause of Action;

(3) An award of expectation and consequential damages and lost earnings according to law and proof under the Third Cause of Action'

(4) An award of reasonable attorney's fees and costs; and

(5) Such other and further relief as this Court deems just and proper.

DATED this 5th day of June 2008.

_____
STEPHEN C. WOODRUFF
Attorney for Plaintiff

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Honolulu Local Office

300 Ala Moana Boulevard, Room 7-127
P. O. Box 50082
Honolulu, HI 96850-0051
National Contact Center: (800) 669-4000
National Contact Center TTY: (800) 669-6820
Honolulu Status Line: (866) 408-8075
Honolulu Direct Dial: (808) 541-3118
TTY (808) 541-3131
FAX (808) 541-3390

Charge No. 486-2006-00330

Parmila Pariyar                                          Charging Party
P.O. Box 430
Tinian, MP 96952

Hong Kong Entertainment (Overseas) Investment, Inc.,     Respondent
dba Tinian Dynasty Hotel & Casino
P.O. Box 468
Tinian, MP 96952

## DETERMINATION

Under the authority vested in me by the Equal Employment Opportunity Commission ("EEOC" or "the Commission"), I issue the following determination as to the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). All requirements for coverage have been met.

Charging Party alleges being discharged because of her sex, female and pregnancy. Charging Party further alleges that pregnant females as a class have been discriminated against by Respondent.

Respondent denies the allegations.

The Commission has determined that Respondent has discharged a class of employees, including Charging Party, because of their sex, female and pregnancy. Therefore, I have concluded that the evidence is sufficient to establish a violation of Title VII of the Civil Rights Act of 1964, as amended.

Respondent is reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in Commission investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

" EXHIBIT I "

EEOC Charge No. 486-2006-00330
Page 2 of 2

Having determined that there is reason to believe that violations have occurred, the Commission now invites the parties to join with it in a collective effort toward a just resolution of this matter. If Respondent declines to enter into conciliation discussions, or if for any other reason the Commission's representative is unable to secure an acceptable conciliation, the Director will so inform the parties in writing and advise them of the court enforcement alternative available to the charging party and the Commission.

Investigator James Yao will be contacting you shortly to begin conciliation discussions. You can contact Investigator Yao at (808) 541-3720.

On Behalf of the Commission:

9/26/07
Date

_Timothy A. Riera (for)_
Olophius Perry, District Director
Los Angeles District Office

EEOC Form 161-A (2/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

| To: | Parmila Pariyar<br>P.O. Box 430<br>Tinian, MP 96952 | From: | Honolulu Local Office<br>300 Ala Moana Blvd<br>Room 7-127<br>Honolulu, HI 96850 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 486-2006-00330 | James S. Yao, Investigator | (808) 541-3118 |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____    2/28/08
Timothy A. Riera,    (Date Mailed)
Director

Enclosures(s)

cc: G. Anthony Long, Esq.
Law Office
P.O. Box 504970
San Jose
Saipan MP 96950

"EXHIBIT 2"